124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VANIK GALSTANIAN, a.k.a. Vanik Galstian, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70362.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997**
Decided Sept. 15, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Ajt-bmt-lrk.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vanik Galstanian, a native of Iran and citizen of Armenia, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judges's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is ineligible for asylum, see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we will reverse that decision only if the applicant presents "compelling evidence of persecution," see Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Galstanian contends that the BIA's finding that he did not establish past persecution or a well-founded fear of future persecution on account of his mixed ethnicity and political opinion is not supported by substantial evidence. This contention lacks merit.
 
 
 5
 To establish eligibility for asylum, Galstanian must show that he has suffered past persecution or has a well-founded fear of persecution in Armenia on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). He must demonstrate both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. The objective inquiry requires "a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." See Lopez-Galarza v. INS, 99 F.3d 954, 958-59 (9th Cir.1996) (citation and internal quotations omitted).
 
 
 6
 First, Galstanian testified that he has a well-founded fear of persecution in Armenia based upon his mother's Azeri ethnicity. The taunts and teasing he endured as a result of his mother's ancestry do not amount to persecution. See Desir v. Ilchert, 840 F.2d 723, 726-27 (9th Cir.1988). Moreover, because Galstanian identifies himself as an Armenian and has never identified himself as an Azeri, he does not have a well-founded fear of persecution on account of race. See Lopez-Galarza, 99 F.3d at 958-59.
 
 
 7
 Second, in support of his claim that he was persecuted in the past and has a well-founded fear of persecution on account of his political opinion, Galstanian testified that he worked as an assistant editor of a newspaper published by an opposition party seeking Armenian independence from Russia. In March 1991, the Ministry of Defense closed the newspaper and arrested Galstanian and ten others. Galstanian and the others were detained for two days, beaten, and forced to sign a statement that they would not participate in the organization. Galstanian refused to sign the statement and testified that, after his release, he was again threatened by the Defense Minister for his work with the newspaper.
 
 
 8
 Here, substantial evidence supports the BIA's determination that Galstanian failed to establish his eligibility for asylum. We agree with the BIA that Galstanian's brief detention and mistreatment does not rise to the level of severity necessary to compel a finding of past persecution. See Prasad v. INS, 47 F.3d 336, 339-40 (9th Cir.1987) (concluding that four to six hour detention during which petitioner was hit in the stomach and kicked from behind, but did not require medical attention, did not amount to persecution); cf. Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (concluding that petitioner had established persecution where he was arrested three times, severely beaten on several occasions, and directly fired upon).
 
 
 9
 Moreover, although Galstanian's testimony may have established that he genuinely fears persecution if he were returned to Armenia, see Cuadras v. INS, 910 F.2d 567, 571 (9th Cir.1990), he adduced no evidence to support an objectively reasonable well-founded fear of persecution, see Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam). Galstanian resigned from the newspaper about two months after his arrest and offered no evidence that he intends to resume his activities if he were returned to Armenia. Moreover, since Galstanian's arrest, Armenia has gained independence from Russia.
 
 
 10
 In light of the record, we conclude that no reasonable factfinder would be compelled to conclude that Galstanian possessed a well-founded fear of persecution. See Kazlauskas, 46 F.3d at 905. Finally, because the standard for withholding of deportation is higher than the standard for asylum, we affirm the denial of withholding of deportation. See Acewicz, 984 F.2d at 1062.[1]
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We reject Galstanian's due process arguments. First, we agree with the BIA that the IJ did not abuse his discretion by refusing to strike portions of the hearing that were conducted through an allegedly incompetent interpreter. The IJ provided Galstanian with an opportunity to indicate the incidents of faulty translation and Galstanian failed to do so. In addition the IJ provided Galstanian with a new interpreter and began the testimony de novo. See El Rescate Legal Servs., Inc. v. Executive Office of Immigration Review, 959 F.2d 742, 752 (9th Cir.1992) (holding that an alien is denied due process only if the translation error causes prejudice). Second, we reject Galstanian's argument that his credibility was tainted by his first asylum application because the BIA explicitly discounted the first asylum application and found Galstanian credible. See de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997) (holding that where, as here, the BIA conducts a de novo review, we review only the BIA's decision)